**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4289

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRACY MARK ANTHONY TUCKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:09-cr-00298-HEH-1)

Submitted: March 28, 2011        Decided:  April 22, 2011

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Carolyn V. Grady, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Michael R. Gill, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy Tucker was charged with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). After the district court denied Tucker's motion to suppress evidence, Tucker pled guilty. Approximately two and one-half months later, he moved to withdraw his plea. Following a hearing, the district court denied the motion. After another hearing, the court denied Tucker's motion to reconsider the denial of the motion to withdraw. Tucker was sentenced to sixty months in prison. He now appeals, raising two issues. We affirm.

I

Tucker first contends that the district court erred when it denied his motion to withdraw his guilty plea. We review the denial of the motion for abuse of discretion. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). Withdrawal of a guilty plea is not a matter of right. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). The defendant bears the burden of showing a "fair and just reason" for withdrawing his plea. Fed. R. Crim. P. 11(d)(2)(B). To determine whether the defendant has met his burden, courts look to six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly

2

asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Ubakanma, 215 F.3d at 424.

After carefully reviewing the record, we agree with the district court that Tucker did not meet his burden. First, because there was substantial compliance with Fed. R. Civ. P. 11,[*] there is a strong presumption that Tucker's plea is valid. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) ("[A]n appropriately conducted Rule 11 proceeding . . . raise[s] a strong presumption that the plea is final and binding.").

Additionally, the six factors identified in Ubakanma weigh heavily against Tucker. He repeatedly assured the court at the Rule 11 proceeding that he was fully satisfied with his counsel's representation, he wished to plead guilty because he was guilty, no one had forced or threatened him to plead guilty, and he was pleading guilty of his own free will and not because of any outside pressure. His unsupported claim that his

---

[*] The court did not inform Tucker, in accordance with Rule 11(b)(1)(A), that the Government had the right to prosecute Tucker for any perjury committed at the hearing. This was the only flaw in the proceedings, which otherwise complied with Rule 11.

3

attorney or the court pressured him to plead guilty and that he did not understand the Rule 11 hearing is at odds with his solemn declarations, under oath, to the contrary at that hearing. See Blackledge v. Allison, 434 U.S. 63, 64 (1977) (statements at plea colloquy "carry a strong presumption of verity").

Further, Tucker has never credibly asserted his legal innocence. Indeed, it would be almost impossible for him to do so, given his incriminating statements at the time the search warrant was executed, his admission of guilt at the Rule 11 hearing, and his statements to his probation officer during preparation of the presentence investigation report. The more-than-two-month delay in moving to withdraw the plea also weighs against Tucker.

Despite his claims to the contrary, the record, including Tucker's sworn statements at the Rule 11 hearing, shows that he worked closely with his attorney. Additionally, as the district court stated, the court's resources would be stretched if the matter went to trial.

Five of the six factors thus weigh against permitting withdrawal of the plea. The sixth factor — prejudice to the Government — weighs in Tucker's favor: the Government candidly admitted that it would not be unduly prejudiced if the case were

4

tried.    We conclude that the district court did not abuse its discretion in denying the motion to withdraw the guilty plea.

II

We next consider Tucker's argument that his sixty-month sentence is unreasonable because it is greater than necessary to accomplish the purposes of sentencing.  According to Tucker's presentence investigation report (PSR), his offense level was 20.    See  U.S.  Sentencing  Guidelines  Manual § 2K2.1(a)(4)(A)  (2009).    Two  levels  were  subtracted  for acceptance  of  responsibility.    See  USSG § 3E1.1.    His  total offense level was 18, his criminal history category was III, and his advisory Guidelines range was 33-41 months.

At sentencing, Tucker had no objections to the report. The United States argued that, in light of Tucker's attempts to withdraw  his  guilty  plea,  the  adjustment  for  acceptance  of responsibility was improper.  The court agreed that Tucker was ineligible for the two-level reduction.    Therefore, Tucker's offense level was 20, and his advisory Guidelines range rose to 41-51 months.

The  court  determined  after  argument  that  an  upward departure was warranted because Tucker's criminal history score significantly under-represented his criminal background.    The court  observed  that  Tucker  had  received  no  criminal  history

5

points for offenses, including use of a firearm and attempted murder, committed when he was a juvenile. Nor did Tucker's criminal history score reflect that his parole from a 1990 murder conviction was revoked in 1994. The court was particularly concerned by Tucker's pattern of committing offenses involving firearms. The court determined that a one-level upward departure to criminal history category IV was appropriate. Accordingly, Tucker's advisory Guidelines range became 51-61 months. The court stated that a sentence within this range would be adequate but not longer than necessary to satisfy the purposes of sentencing.

Following argument, the court imposed a sixty-month sentence. The court stated that it had considered the Guidelines and the 18 U.S.C. § 3553(a) (2006) factors. The court referred to Tucker's past involvement in violent behavior and stated that the sentence selected would promote respect for the law, protect the community, and deter future criminal behavior.

"[A]ny sentence, within or outside of the Guidelines range, as a result of a departure or a variance, must be reviewed by appellate courts for reasonableness pursuant to an abuse of discretion standard." United States v. Diosdado-Star, 630 F.3d 359, 365 (4th Cir. 2011); see also Gall v. United States, 552 U.S. 38, 46 (2007); Rita v. United States, 551 U.S. 338, 354-55 (2007). In conducting our review, we first examine

6

the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. With respect to the explanation of the sentence, we have stated, "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

If we conclude that a sentence is procedurally reasonable, we then consider the substantive reasonableness of the sentence. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). At this stage, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51. "[T]he method by which the district court deviates from the Guidelines range does not alter (1) the review in which the courts of appeals must engage, or (2) the justification the district court must provide." Diosdado-Star, 630 F.3d at 365.

We hold that Tucker's sixty-month sentence is procedurally and substantively reasonable. The district court accurately calculated Tucker's advisory Guidelines range, and the court considered both the § 3553(a) sentencing factors and the parties' positions on sentencing. Further, the court adequately explained its reasons for the departure sentence.

## III

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>